FILED - GR
August 6, 2024 11:16 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: KB / 8/6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
ex rel. JASON WAWIERNIA,

    Plaintiff,

vs.

THREDUP, INC.,

    Defendant.

1:24-cv-810
Robert J. Jonker
U.S. District Judge

**FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. §3730(b)(2)**

## COMPLAINT – FILED UNDER SEAL

COMES NOW *qui tam* Relator Jason Wawiernia, on behalf of real party in interest, the United States of America, and hereby complains of Defendant ThredUp, Inc., as follows:

### INTRODUCTION

1. Plaintiff seeks recovery pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§3729-3732, as amended, to recover damages and civil penalties from Defendant ThredUp, Inc., for making false representations to the United States Postal Service relating to the qualification of ThredUp, Inc., for certain discounted postal rates. The discounted rates were applicable only to packages containing goods returned by consumers to ThredUp, Inc. ThredUp, Inc., used those rates for other packages, not eligible for the special rates. This deprived the Postal Service of millions of dollars in revenue.

### VENUE AND JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1345 and 31 U.S.C.§3732(b).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 31 U.S.C. §3732(a).

4. Jurisdiction is proper pursuant to 31 U.S.C. §3730(e) as Relator's allegation in

this Complaint are based on his direct and independent knowledge obtained in the course of his dealings with Defendant and not from any public disclosure. Relator has voluntarily provided that information forming the basis of his direct and independent knowledge to the United States before filing this Complaint.

## PARTIES

5. Jason Wawiernia ("Relator") is a resident of Eaton County, Michigan.

6. Defendant ThredUp, Inc., is a Delaware corporation with its principal place of business at 969 Broadway, Suite 200, Oakland, CA 94607. Its registered agent and office is the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

7. ThredUp, Inc., operates several websites, primarily ThredUp.com.

## THREDUP'S BUSINESS

8. Through the websites, ThredUp, Inc., purchases and sells used clothing. It describes itself as "one of the world's largest online consignment and thrift stores." (www.thredup.com)

9. Consumers are invited to send used clothing items to ThredUp for potential purchase. "Order a Clean Out kit today and send us your gently used clothes, accessories and shoes. Give them a second life while earning cash or credit." (www.thredup.com)

10. ThredUp states that it "inspects the items you send to us or that we have collected from you in order to list your accepted items for sale through our Services (collectively, the 'Property'). After your Clean Out Bag has been processed, ThredUp will inform you whether any of your items have been accepted for sale on our Services. ThredUp reserves the right to purchase your items before they are listed. . . ." (https://www.thredup.com/legal/seller-term)

11. ThredUp, Inc., states that it "only accepts items that meet our strict acceptance standards. We may reject an item for any reason. Each item will be evaluated to determine, in our sole discretion, whether the item: (a) is in excellent, new or like-new condition, and if needed, that has been freshly laundered and completely dried; (b) is free from stains, pilling, holes, odor, and any

other signs of excess wear; (c) is in-season and on-trend; and (d) is authentic; and (e) for which the representations and warranties you make in the 'Your Representations, Warranties, and Indemnification' section below are true. . . ." (https://www.thredup.com/legal/seller-term)

12. ThredUp provides that "You may choose to have items that we do not accept for sale returned to you (Return Assurance) for an additional fee for each Clean Out Bag you request (other than Donation Clean Out Bags). If you select this service, ThredUp will return items that we do not accept to your address on file. Please note: Certain Value Brands are not eligible to be returned if not accepted for sale by ThredUp." (https://www.thredup.com/legal/seller-term) "If you do not elect to have unaccepted items returned to you, any unaccepted items will immediately and irrevocably become Property of ThredUp and will not be returned. ThredUp reserves the right to sell unaccepted items to third-party textile recyclers or through its other proprietary commercial channels (see Rescues and FAQ) without any obligation to compensate you for such unaccepted items. If you do not agree to the foregoing, please elect to have unaccepted items returned to you when you order a Clean Out Bag, or consider the foregoing prior to using our Clean Out service." (https://www.thredup.com/legal/seller-term)

13. Consumers are also invited to purchase used clothing items from ThredUp, Inc., "up to 90% off" compared with retail prices. (www.thredup.com)

**POSTAGE RATES APPLICABLE TO THREDUP'S BUSINESS**

14. The United States Postal Service has a special Parcel Return Service rate, which allows consumers to return merchandise to merchants without paying postage. Consumers may drop off parcels at any Postal Service facility, hand them to a letter carrier, or place them in a collection box or any location designated by the Postal Service for the receipt of mail.

15. The provisions of the Domestic Mail Manual providing for this service are attached as Exhibit A.

16. Section 3.1.1 of the Domestic Mail Manual states that " USPS Returns service allows

an authorized account holder to pay the postage and fees on single-piece priced commercial Priority Mail Express, Priority Mail, or USPS Ground Advantage – Commercial packages returned to the account holder by senders (mailers) via a return label, meeting the standards in 3.1.4, produced by the account holder."

17. As noted, the merchant accepting the return is required to provide the consumer with a special shipping label, marked "return service."

18. The merchant is charged a discounted rate, less than the rate applicable if a consumer shipped a parcel of identical size and weight to the merchant, not representing a return of goods previously received from the merchant.

19. ThredUp, Inc., provides consumers with the special "return service" labels for the shipments of "Clean Out" items which consumers send to ThredUp, Inc., for possible sale.

20. This is not an authorized use of "return service" labels and rates, as such items are not "packages returned to the account holder by senders . . . ." Its use on a widespread basis deprives the Postal Service of substantial revenue.

21. The creation by a merchant of a "return service" label is a representation to the Postal Service that the goods intended to be shipped are a return of items that the merchant has shipped to the consumer and which qualify for the special rate.

22. ThredUp, Inc., is not entitled to cause the Postal Service to deliver parcels without payment of the appropriate amount of postage for such parcels.

23. The Postal Service cannot readily determine whether the merchant has previously shipped the items to the consumer. In most cases, merchants do not receive goods from consumers that are not returns of goods previously shipped from the merchant to the consumer. ThredUp, Inc., does, and its business is different in this regard from those of most merchants.

## RELATOR'S DISCOVERY OF FRAUD

24. Relator has done business with ThredUp, Inc.

25. Relator shipped items to ThredUp, Inc., for sale on eight or nine occasions.

26. ThredUp, Inc., provided Relator with "return service" labels for all of his shipments of used items to ThredUp, Inc.

27. Relator eventually noticed that ThredUp, Inc., was consistently using "return service" labels for shipments to it that were not returns.

28. Exhibits B and C are example of such labels.

29. Relator is the original source of information for this complaint because he discovered the manner in which the Defendant has defrauded, and continues to defraud, the Postal Service, as a result of his dealings with Defendant, and not from any public disclosure.

### COUNT I – VIOLATION OF 31 U.S.C.§ 3729

30. Relator hereby incorporates by reference paragraphs 1-27.

31. ThredUp, Inc., violated 31 U.S.C. §3729(a)(1) (G), which makes it a violation when one "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government".

32. The false record or statement is the "return service" label, which represents that the shipment is entitled to the lower "return service" rate instead of the higher, otherwise applicable rate.

33. The result of its use is that ThredUp, Inc., pays less money to the Postal Service than it otherwise would, causing actual damages to the United States.

34. The United States is entitled to recover three times the amount by which it is damaged, plus civil money penalties of not less than $5,500 and not more than $11,000 for each of the false claims ("return labels" used for items which are not returns by consumers of goods previously shipped to them by Defendant), and other monetary relief as determined appropriate from the evidence presented at the trial hereof.

WHEREFORE, the Plaintiff demands and prays that judgment be entered in favor of the United States for:

    a.    Three times the amount which ThredUp, Inc., saved by using "return service" mail labels for items not eligible for that rate;

    b.    All civil penalties as are allowable by law;

    c.    For investigative costs, and costs of this civil action; and

    d.    For such other relief as the Court deems just and equitable.

WHEREFORE, Relator demands and prays that judgment be entered in his favor for:

    i.    A percentage of all civil penalties and damages obtained from Defendants pursuant to 31 U.S.C. §3730;

    ii.    Reasonable attorney's fees, and all costs incurred in the prosecution of this action against the Defendants; and

    iii.    Such other relief as the Court deems just and proper.

Respectfully submitted,

/s/

Daniel A. Edelman (IL 0712094)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
Phone: (312) 739-4200
(312) 419-0379 (FAX)
Email: courtecl@edcombs.com

Adam G. Taub (P48703)
**ADAM G. TAUB & ASSOCIATES CONSUMER LAW GROUP, PLC**
17200 W. 10 Mile Rd., Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

**UPS Next Day Air®**
**UPS Worldwide Express℠**
**UPS 2nd Day Air®**

This envelope is for use with the following services:

Apply shipping documents on this side.

Do not use this envelope for:

UPS Ground
UPS Standard
UPS 3 Day Select®

Visit **ups.com®** or call **1-800-PICK-UPS®** (1-800-742-5877) to schedule a pickup or find a drop off location near you.

**Domestic Shipments**
- To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**
- The UPS Express Envelope... value. Certain coun... ups.com/importexp...
- To qualify for the Le... UPS Express Envelop...

**Note:** Express Envelop... containing sensitive p... or cash equivalent.

171604 REV. 3/99 L

---

KRISTEN BAEPPLER
3129174558
EDELMAN, COMBS & LATTURNER
20 SOUTH CLARK STREET
CHICAGO IL 60603

1.0 LBS LTR    1 OF 1

**SHIP TO:**
399 FEDERAL BUILDING
110 MICHIGAN ST N. W.
**GRAND RAPIDS  MI  49503-2300**



MI 495 9-08

**UPS NEXT DAY AIR**    1
TRACKING #: 1Z R8V 144 01 9820 8092



BILLING: P/P

CASE NUMBER: 40961
Reference # 2: 40961
CS 24.3.00.    WNTNV50 32.0A 08/2024*



010195101  4/14  PAC  United Parcel Service