**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JASON WAWIERNIA<br><br>Plaintiff,<br><br>vs.<br><br>THREDUP, INC.<br><br>Defendant. | ) | CASE NO. 1:24-CV-00810<br><br>JUDGE ROBERT J. JONKER<br><br>MAGISTRATE JUDGE RAY KENT |

**DEFENDANT THREDUP INC.'S MOTION TO DISMISS UNITED STATES OF AMERICA ex rel. JASON WAWIERNIA'S COMPLAINT**

Defendant ThredUp Inc. ("ThredUp")[1] hereby moves for dismissal of *qui tam* Relator Jason Wawiernia, on behalf of real party in interest, the United States of America's ("Relator") Complaint. Relator's Complaint consists of a single claim alleging that ThredUp has violated 31 U.S.C. § 3729(a)(1)(G). Relator wholly failed to plead the necessary elements to establish such a claim and further failed to meet the heightened pleading standard required to state a claim under the False Claims Act, 31 U.S.C. § 3729 *et seq*. Further, despite Relator holding himself out as an original source, Relator's allegations are based on nothing but information that is publicly available.

For the reasons set forth in the Brief in Support, ThredUp respectfully requests that the Court dismiss the Complaint filed by Relator in its entirety and with prejudice.

---

[1] Plaintiff erroneously names "ThredUp, Inc." as Defendant throughout the Complaint and in the caption. ThredUp Inc. hereby replies to Relator's Complaint as if it had properly named ThredUp Inc. as Defendant.

DATED: June 16, 2025

Respectfully submitted,

*/s/ Matthew D. Ridings*
MARISA T. DARDEN (OH 0074258)
MATTHEW D. RIDINGS (OH79402)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: mdarden@beneschlaw.com
mridings@beneschlaw.com

*Attorney for Defendant ThredUp Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's case management and electronic filing system. Parties may access this filing through the Court's case management and electronic filing system.

*/s/ Matthew D. Ridings*
Matthew D. Ridings
*Attorney for Defendant ThredUp Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JASON WAWIERNIA | ) | CASE NO. 1:24-CV-00810 |
| | ) | JUDGE ROBERT J. JONKER |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE RAY KENT |
| vs. | ) | |
| | ) | |
| THREDUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT THREDUP INC.'S**
**BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

FACTUAL BACKGROUND ....................................................................................... 2

ARGUMENT ....................................................................................... 3

I. LEGAL STANDARD ....................................................................................... 4

II. RELATOR'S COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT STATE A FALSE CLAIMS ACT CLAIM. ....................................................................................... 4

A. Relator Does Not Establish His Fraud Claim with Particularity. ....................................................................................... 4

B. Relator Does Not and Cannot Adequately Allege that ThredUp Had an "Obligation to Pay or Transmit Money" to USPS Under § 3729(a)(1)(G) and Knowingly Violated That Obligation. ....................................................................................... 9

C. Relator Cannot Qualify as an Original Source Because All Information Contained in Relator's Complaint is Public Information. ....................................................................................... 11

D. Any Amendment to Relator's Complaint to Cure Its Deficiencies Would Be Futile. ....................................................................................... 12

CONCLUSION ....................................................................................... 13

## TABLE OF AUTHORITIES

### Cases

*United States ex rel. Angelo v. Allstate Ins. Co.*,
106 F.4th 441 (6th Cir. 2024) ....................10

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ....................4

*Biggins v. United States Postal Serv.*,
No. CV 22-6310 (MAS) (JTQ), 2025 WL 660606 (D.N.J. Feb. 28, 2025) ....................8

*Bradley v. Jefferson Cnty. Pub. Sch.*,
598 F. Supp. 3d 552 (W.D. Ky. 2022), *aff'd*, 88 F.4th 1190 (6th Cir. 2023) ....................8

*Gavitt v. Born*,
835 F.3d 623 (6th Cir. 2016) ....................8

*Hagen v. VPA, Inc.*,
428 F. Supp. 2d 708 (W.D. Mich. 2006) ....................4

*United States ex rel. Hirt v. Walgreen Co.*,
No. 3:13-0870, 2016 WL 815512 (M.D. Tenn. Mar. 2, 2016) ....................5

*United States ex rel. Holloway v. Heartland Hospice, Inc.*,
960 F.3d 836 (6th Cir. 2020) ....................11

*United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*,
874 F.3d 905 (6th Cir. 2017) ....................9, 10

*Newberry v. Silverman*,
789 F.3d 636 (6th Cir. 2015) ....................12

*Riverview Health Inst. LLC v. Med. Mut. of Ohio*,
601 F.3d 505 (6th Cir. 2010) ....................12

*Sanderson v. HCA-The Healthcare Co.*,
447 F.3d 873 (6th Cir. 2006) ....................4, 5

*United States ex rel. Sheldon v. Kettering Health Network*,
816 F.3d 399 (6th Cir. 2016) ....................5

*Sorah v. Tipp City Exempted Village School Dist. Bd. of Education*,
611 F.Supp.3d 441 (S.D. Ohio 2020) ....................12

*United States ex rel. Stebbins v. Maraposa Surgical, Inc.*,
No. 24-1626, 2024 WL 4947274 (3d Cir. Dec. 3, 2024) ....................12

*United States v. Marlar*,
525 F.3d 439 (6th Cir. 2008) ........................................................6

**Statutes**

False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ........................................ *passim*

**Other Authorities**

Federal Rule of Civil Procedure 9(b)........................................ *passim*

Federal Rule of Civil Procedure 15(a)(2) ........................................12

Federal Rule of Civil Procedure 12(b)(6) ........................................8, 12

In this action, Relator Jason Wawiernia, on behalf of real party in interest, the United States of America's ("Relator") entire suit is premised solely on a conclusory allegation that Defendant ThredUp Inc. ("ThredUp") somehow defrauded the United States Postal Service ("USPS"). In his Complaint, Relator improperly relies on general allegations that do not state a claim under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("the FCA"). Critically, Relator fails to comply with the heightened requirements for an FCA claim, which requires that Relator state the circumstances surrounding the alleged violation with specificity and provide the requisite "who, what, when, where, and how" of the alleged fraud.

Relator has produced no evidence supporting his claim. Nowhere in his Complaint does Relator identify facts showing that whether a product was a "return" is material to any payment obligation to USPS, whether ThredUp even had an affirmative duty to pay USPS, or any specific allegations whatsoever about the alleged fraudulent statements. Relator does not, and cannot, make these allegations because he has no special information about the claim. By his own admission, his facts consist of nothing more than his observations about labels on envelopes that he claims have traveled through the mail. Relator misunderstands USPS offerings and regulations, has no personal knowledge about the relationship between ThredUp and USPS, and has no knowledge – first-hand or otherwise – about any claims made by ThredUp. Relator only makes blanket references about the alleged fraud perpetrated by ThredUp because he has *no knowledge* of the claimed fraud. He has wholly failed to plead the required element that ThredUp knowingly committed that alleged fraud, and because he cannot make any such factual pleading, his claim should be dismissed with prejudice. Relator's Complaint is an impermissible, formulaic recitation of the elements of a Section 3729(a)(1)(G) claim, without any evidence to support it.

Finally, while Relator attempts to avoid the public disclosure bar by alleging he is the original source of the information in the Complaint, the basis of Relator's Complaint, by his own allegations, is nothing more than him looking at envelopes that have been mailed. Relator's allegations add nothing to what is publicly available, and he is unable to bring a claim under the False Claims Act.

## FACTUAL BACKGROUND

Relator brings this action attempting to recover civil damages and penalties under the FCA. Relator alleges ThredUp circumvented the USPS Domestic Mail Manual provisions by sending out "Clean Out Bags" and therefore deprived USPS of "substantial revenue." (ECF No. 1, ¶¶ 15, 16, 19-20). According to Relator, ThredUp made "false representations to the United States Postal Service relating to the qualification of ThredUp, Inc. [sic] for certain discounted postal rates." (*Id.* at ¶ 1.) Relator does not, however, allege what these "certain discounted postal rates" are, nor does he allege the provision in the USPS Domestic Mail Manual which sets forth the requirements that must be satisfied in order to receive discounted postal rates. Not only does the Relator not address what these statements were, when they were made, or how the statements were made, Relator does not even identify what regulation, statute, or provision is implicated by the supposed false statement.

Per Relator, ThredUp's scheme proceeds as follows: Upon request by a consumer, ThredUp provides a "Clean Out" bag to a consumer so they can send used clothing to ThredUp for ThredUp's review and potential purchase. (*Id.* at ¶¶ 9-10.) In addition to the Clean Out bag, ThredUp "provides consumers with the special 'return service'[1] labels for the shipments of

[1] As discussed in more detail below, Relator misunderstands USPS regulations and programs. The label attached as Exhibit B to Relator's Complaint is not a USPS label at all. The label attached as Exhibit C to Relator's Complaint is a "*Parcel* Return Service" label, not a "Return Service" label. These are two separate and distinct USPS programs that have different requirements and function differently.

'Clean Out' items which consumers send to ThredUp, Inc. [sic] for possible sale." (*Id.* at ¶ 19). Once ThredUp receives a Clean Out bag, ThredUp will "inspect[] the items [and] inform [consumers] whether any of [their] items have been accepted for sale on [ThredUp's] Services." (*Id.* at ¶ 10.)

Relator alleges that he has shipped items to ThredUp "on eight or nine occasions" and has been "provided [] with 'return service' labels for all of his shipments of used items to ThredUp, Inc. [sic]." (*Id.* at ¶ 26.) However, one of the return labels Realtor attached to the Complaint is a UPS (United Parcel Service) ground return label that does not even relate to USPS. (*Id.* at Ex. B). Relator also attaches a Parcel Return Service label, which is a distinct program *offered* by, and *approved* by, USPS. (*Id.* at Ex. C.) Neither the UPS ground return label nor the Parcel Return Service label even mention ThredUp, and neither constitute fraud against USPS.

Further, Relator does *not* allege that ThredUp creates the return labels. Similarly, Relator does not—and cannot—address the relationship between ThredUp and USPS. Relator's Complaint is nothing more than mere speculation, and as such, must be dismissed.

**ARGUMENT**

Relator asserts a single claim for violation of 31 U.S.C. § 3729(a)(1)(G) against ThredUp. Under Section 3729(a)(1)(G), a relator may bring a claim against a person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." Relator's claim fails for three independent reasons. First, Relator does not plead its claims with sufficient particularity as required under Federal Rule of Civil

Procedure 9(b). Second, Relator does not state sufficient facts to state a claim against ThredUp. Third, Relator fails to overcome the public disclosure bar.

## I. LEGAL STANDARD

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556.) The court need not accept a plaintiff's legal conclusions or unwarranted factual inferences as true. *Hagen v. VPA, Inc.*, 428 F. Supp. 2d 708 (W.D. Mich. 2006) (citing *Perry v. American Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003)).

## II. RELATOR'S COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT STATE A FALSE CLAIMS ACT CLAIM.

### A. Relator Does Not Establish His Fraud Claim with Particularity.

Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements apply to Section 3729(a)(1)(G) claims. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873 (6th Cir. 2006). Rule 9(b)'s requirements for a qui tam action are demanding. At a minimum, a qui tam complaint must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the government, and (4) what the defendants obtained as a consequence of the fraud.

*Id.* at 877. FCA complaints must therefore "set forth the who, what, when, where and how of the alleged fraud"—meaning, what statements or actions were fraudulent and why, who made them, and when and where they were made. *United States ex rel. Hirt v. Walgreen Co.,* No. 3:13-0870, 2016 WL 815512, at *7 (M.D. Tenn. Mar. 2, 2016), *report and recommendation adopted,* 2016 WL 1367182 (M.D. Tenn. Apr. 5, 2016), *aff'd sub nom. United States v. Walgreen Co.,* 846 F.3d 880-81 (6th Cir. 2017) (citation and internal quotation omitted). "The identification of at least one false claim with specificity is an indispensable element of a complaint that alleges a [False Claims Act] violation in compliance with Rule 9(b)." *Id.*

Relator tries to obviate this pleading deficiency by purporting to be the "original source of information" who "discovered the manner in which the Defendant has defrauded, and continues to defraud, the Postal Service[.]" (ECF. No. 1, ¶ 29); *see also United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 413 (6th Cir. 2016) ("the requirement that a relator identify an actual false claim may be relaxed when, even though the relator is unable to produce an actual billing or invoice, he or she has pled facts which support a strong inference that a claim was submitted. Such an inference may arise when the relator has personal knowledge that the claims were submitted by Defendants . . . for payment.") (citation and internal quotation omitted). But the Sixth Circuit has rejected the notion that a relator is entitled to bypass applicable pleading requirements by claiming personal knowledge of a fraudulent scheme. *Id.* at 414 ("Although Relator has some personal knowledge . . . Relator lacks the personal knowledge necessary to support a strong inference—rather than simply a possibility—that a false claim was presented to the government."). The knowledge held by Relator here falls far short of the personal knowledge required by *Kettering*. Nowhere in Relator's Complaint does he plead facts that infer he had personal knowledge that ThredUp even had an *obligation* to pay

USPS, much less personal knowledge that ThredUp engaged in improper conduct. Relator's Complaint wholly omits information about the time, place, and content of ThredUp's alleged misrepresentation and fraud.

Similarly, Relator's Complaint fails to allege that ThredUp actually defrauded USPS. A FCA complaint cannot simply portray a scheme to defraud the government and then summarily conclude that a defendant participated in that scheme. Instead, "that scheme must be pleaded with particularity and the complaint must also 'provide [ ] examples of specific' fraudulent conduct that are 'representative samples' of the scheme.'" *United States v. Marlar*, 525 F.3d 439, 444-45 (6th Cir. 2008) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 510 (6th Cir. 2007)). Relator includes "examples" of ThredUp's "return service" labels, but these labels do not evidence a scheme by ThredUp nor how ThredUp allegedly misled USPS. (ECF No. 1 at Ex. B, Ex. C). In fact, there is nothing in the "return service" labels that would even support an inference or suggestion that ThredUp defrauded USPS. Exhibit B depicts a label from *UPS* – United Parcel Service – a private company not affiliated with USPS. The label in Exhibit B is wholly unrelated to the USPS or the United States government and is simply irrelevant. Exhibit C does depict a USPS label, but as is clear from the face of the label, it was generated by another company, FedEx SmartPost, *not* ThredUp, as part of USPS' *Parcel* Return Service.

In the boxed legend directly above the address, the label reads, "PARCEL RETURN SERVICE," and in line 2, the label reads "SMARTPOST PERMIT NO. 77050-000." (*See* ECF No. 1, Ex. C.) Beneath the legend, the label reads "SMARTPOST/RETURNS, PARCEL RETURN SERVICE 56950." (*Id.*) This complies with USPS regulations. The USPS regulations that govern the form of the Parcel Return Service labels specify that line 2 must include "[i]n all capital letters, the permit holder's name, left justified, followed by 'PERMIT NO.', followed by

the actual permit number." *See* 71 Fed. Reg. 16043, at § 11.4.4(c)(2) (attached hereto as **Exhibit 1**). Here, the permit holder on Exhibit C is *SmartPost*, not ThredUp. The USPS regulations also specify that below the legend, the label must list "the return address of the customer using the label to mail the parcel back to the permit holder." *Id.* at 11.4.4.(d). On Exhibit C, the customer using the label is SmartPost, not ThredUp. Indeed, ThredUp is not listed anywhere on Exhibit C. There is no evidence or allegation that ThredUp is the Parcel Return Service permit holder, the customer using the label, or that ThredUp (as opposed to the permit holder or customer using the label) made any representations whatsoever to USPS, let alone that those representations were false or misleading. Indeed, it is the *permit holder* (in this case, SmartPost), not ThredUp, that guarantees payment of postage using the Parcel Return Service label. *Id.* at 11.1.1.

Moreover, ThredUp's use of Parcel Return Service is not a fraud: this is exactly how the Parcel Return Service was intended to function. In fact, USPS regulations wholly preclude Relator's claim. Relator cites the USPS Domestic Mail Manual to support his allegations (ECF No. 1 at ¶ 16, Ex. A) but Relator's Complaint cites Section 3.1.1 of the Domestic Mail Manual - the wrong section. Parcel Return Service – the program utilized in the label contained at Exhibit C – is governed by Section 4. (*Id.* at Ex. A, § 4.0). Relator's reliance on Section 3.1.1 is incorrect, and fatal to his claim.

Indeed, Section 4.0 states:

> Parcel Return Services (PRS) applies to parcels that are picked up in bulk at authorized locations and schedules **by authorized permit holders or their agents**. Parcel Return Service is only available through a Negotiated Services Agreement (NSA) (see 709.1.0). For additional details, see "Parcel Return Services" at PostalPro or contact a USPS sales representative.

(*Id.* at Ex. A, § 4.0 (emphasis added).) The PostalPro "Parcel Return Services" publication further elucidates how the Parcel Return Services program works. *See* January 17, 2023

PostalPro Parcel Return Services (attached hereto as **Exhibit 2**.)[2] A company that wishes to participate in USPS' Parcel Return Services "must send a request on company letterhead to the director, Business Acceptance Solutions[.]" (Ex. 2, § 3.4.) If an applicant meets the Parcel Return Services criteria, the "director, Business Acceptance Solutions approves the letter of request and sends an authorization letter outlining the terms and conditions for the program. PRS ["Parcel Return Service"] permit holders must submit the authorization letter and PS Form 3801, Standing Delivery Order, to each applicable facility." (*Id.* at § 3.5.)

Because USPS is only providing "first mile" services – *i.e.*, from the customer to a designated facility, where packages are picked up in bulk by a different carrier (*i.e.*, the permit holder), *id.* at Ex. A, § 4.0, different postage rates apply than if USPS was carrying the package from the mailer to the recipient. These "Parcel Return Services prices are based on the price that applies to the weight increment of each address piece, and on the designated return facility, RDU or RSCF." (*Id.* at 2.1.) This makes sense: the amount of postage is determined by the distance the package is carried by USPS to the designated return facility. Whether the parcel is a "return" is neither here nor there, there is nothing in USPS regulations that require the contents of the package to be first shipped to the customer, and Relator has not identified any such requirement. As described above, a party cannot fraudulently use a Parcel Return Service label; USPS accepts

[2] The January 17, 2023 PostalPro Parcel Return Services, as referred to and cited within Relator's Ex. 1, is included for the Court's consideration. The inclusion of this government publication does not convert the motion to a motion for summary judgment. *See Gavitt v. Born,* 835 F.3d 623, 640 (6th Cir. 2016) ("However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment."); *see also Bradley v. Jefferson Cnty. Pub. Sch.*, 598 F. Supp. 3d 552, 558 (W.D. Ky. 2022), *aff'd*, 88 F.4th 1190 (6th Cir. 2023) ("Courts may take judicial notice of information posted on official public websites of government agencies in addressing a Rule 12(b)(6) motion to dismiss.") (collecting cases); *Biggins v. United States Postal Serv.*, No. CV 22-6310 (MAS) (JTQ), 2025 WL 660606 (D.N.J. Feb. 28, 2025) (taking judicial notice of the USPS website because "the website here is owned and operated by the Federal Government, rather than by a private entity, the Court finds that the facts contained on the website are authentic and that the source is not reasonably subject to dispute.").

applications, investigates companies, approves their use of the Parcel Return Service, and charges for their use. (*See e.g.*, *id.; see also* Ex. 1 at § 11.1.1 ("The Parcel Return Service (PRS) standards in 11.0 apply to parcels that are retrieved in bulk by authorized permit holders or their agents. The permit holder guarantees payment of postage and retrieval of all PRS parcels mailed with a PRS label.")).

Relator simply misunderstands USPS regulations and how postal rates are determined. Just because a label was attached to a ThredUp Clean Out bag does not mean that ThredUp is defrauding USPS, particularly where ThredUp is not the permit holder authorized to create the label. Relator has no first-hand information about his supposed claim, even as rudimentary as the identity of the permit holder and customer on the referenced labels. Relator's Complaint fails and must be dismissed.

B. Relator Does Not and Cannot Adequately Allege that ThredUp Had an "Obligation to Pay or Transmit Money" to USPS Under § 3729(a)(1)(G) and Knowingly Violated That Obligation.

Section 3729(a)(1)(G) imposes liability on one who knowingly accepts overpayment from the government and fails to refund that overpayment—a so-called "reverse false claim." *See United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 916–17 (6th Cir. 2017) (upholding dismissal of relator's claim under § 3729(a)(1)(G)). Under Section 3729(a)(1)(G), a relator must allege facts that show a defendant received overpayments from the government and failed to refund those payments. *Id.* (citations omitted). "Alternatively, a section 3729(a)(1)(G) violation is made out if the relator pleads adequate proof that the defendant made a false record or statement **at a time that the defendant owed to the government an obligation—a duty to pay money or property**." *Id.* (citations and internal quotations omitted) (emphasis added).

In *Ibanez,* for example, the Sixth Circuit affirmed the district court's holding that the relators did not adequately plead a reverse false claim. The court found it crucial that, as here, the relators failed to plead facts that "defendants received overpayment, much less that they retained it. Moreover, relators provide **no facts** showing defendants were under an affirmative obligation to the government at the time the alleged false statements were made." *Id.* (emphasis added). Relator's Complaint fares no better.

Finally, a relator "must also demonstrate knowledge [] that [defendant] knew that it violated its established duty to pay." *United States ex rel. Angelo v. Allstate Ins. Co.*, 106 F.4th 441, 448–49 (6th Cir. 2024). The knowledge required to state a claim under Section 3729(a)(1)(G) is twofold: "Knowledge refer[s] to a defendant's awareness of both an obligation to the United States and his violation of that obligation." *Id.* at 451 (citing *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 436 (6th Cir. 2016)). In short, "without a well-pleaded allegation of an obligation owed to the government, let alone one knowingly shirked, relators have not stated a claim for relief." *Allstate Ins. Co.*, 106 F. 4th at 451.

Here, Relator fails to allege any facts demonstrating that ThredUp had any obligation to pay USPS at all, nor does it allege a single expense for which USPS actually paid. Relator alleges that ThredUp "provided Relator with 'return service' labels" but pleads absolutely no facts demonstrating that ThredUp had any obligation to USPS. (ECF No. 1., ¶ 26.) To the contrary, USPS Regulations demonstrate that the permit holder, not ThredUp, has a duty to pay. Ex. 1 at § 11.1.1 ("The permit holder guarantees payment of postage."). Without a particularized allegation that ThredUp owes USPS a duty to pay money or property, Relator's claim must fail.

Relator's Complaint is similarly wholly devoid of any claims related to ThredUp's scienter. Indeed, the only time the word "knowingly" appears in the Complaint is when Relator is quoting language from Section 3729(a)(1)(G). (*Id.,* at ¶ 31.) A failure to allege that ThredUp was aware of its obligation and aware of its violation of that obligation, in its already deficient Complaint, is fatal to Relator's claim. And, because it cannot allege that ThredUp owed any obligation to USPS *or* that ThredUp knowingly violated that obligation, any attempted amendment by Relator will be futile. Because Relator fails to plead a knowing obligation and knowing violation, Relator's claim must fail, and his Complaint must be dismissed.

C. Relator Cannot Qualify as an Original Source Because All Information Contained in Relator's Complaint is Public Information.

Where a relator is not an original source of information, a relator cannot bring a FCA claim. A relator may claim that he is an original source when he "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and [he] has voluntarily provided the information to the Government before filing an action under this section." § 3730(e)(4)(B)); *see United States ex rel. Holloway v. Heartland Hospice, Inc.*, 960 F.3d 836, 843 (6th Cir. 2020) (discussing the post-amendment public disclosure bar). Here, Relator claims that "Relator's allegation [sic] in this Complaint are based on his direct and independent knowledge obtained in the course of his dealings with Defendant and not from any public disclosure." (*Id.* at ¶ 4.) But this is not so.

The information contained in the Complaint is the very definition of publicly disclosed information. Since Relator's information is based entirely on information published on ThredUp.com (*id.* at ¶¶ 8-13), from the Domestic Mail Manual (*id.* at ¶¶ 15-16), and "return service" mail labels (*id.* at ¶¶ 27-28), the allegations in the Complaint are not based on Relator's direct and independent knowledge. Further, though it should go without saying, Relator cannot

be the original source of information sourced from the internet or provided by ThredUp, particularly where any user of the Parcel Return Service must apply to and be approved by USPS. *See* Ex. 2, §§ 3.4, 3.5; *see also United States ex rel. Stebbins v. Maraposa Surgical, Inc.*, No. 24-1626, 2024 WL 4947274, at *3 (3d Cir. Dec. 3, 2024) (dismissing FCA suit where the underlying allegations were disclosed in public databases and noting that the claim was precluded where "anyone could access this publicly available information about the transactions, [and] anyone could file the same suit."). Nothing here is a surprise to USPS. Clearly, Relator is not the only person who has ever received a Clean Out bag, and there is no non-conclusory allegation that USPS was improperly deprived of any revenue. Relator's failure to qualify as an original source under the FCA should further foreclose Relator's reverse FCA claim against ThredUp.

### D. Any Amendment to Relator's Complaint to Cure Its Deficiencies Would Be Futile.

Due to the significant deficiencies in Relator's Complaint and Relator's inability to state a claim against ThredUp, amendment of Relator's Complaint will be futile. Under Federal Rule of Civil Procedure 15(a)(2), courts may freely give lead to amend a pleading "when justice so requires." However, leave to plead need not be given where a "proposed amendment would be futile." *Sorah v. Tipp City Exempted Village School Dist. Bd. of Education*, 611 F.Supp.3d 441, 457 (S.D. Ohio 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "A proposed amendment is futile if it would not survive a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). Moreover, "dismissal with prejudice and without leave to amend is only appropriate when it is clear on de novo review that the complaint could not be saved by an amendment." *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).

Such is the case here. As elucidated above, Relator wholly fails to plead the necessary elements to establish a reverse FCA claim and cannot allege that ThredUp had *any* obligation to USPS, especially in light of the Parcel Return Service regulations. Further, Relator's allegations are based on nothing but information that is publicly available, and as such, Relator cannot qualify as an original source. Because these issues are fatal to Relator's claim, any amendment would be futile. Therefore, this Court should dismiss Relator's Complaint with prejudice.

**CONCLUSION**

For the reasons set forth above, the Court should grant ThredUp's Motion to Dismiss Relator's Complaint in its entirety and with prejudice.

DATED: June 16, 2025

Respectfully submitted,

*/s/ Matthew D. Ridings*

MARISA T. DARDEN (OH 0074258)
MATTHEW D. RIDINGS (OH 0079402)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: mdarden@beneschlaw.com
mridings@beneschlaw.com

*Attorney for Defendant ThredUp Inc.*